**CV 13        5119**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIM GRIFFIN ) | CIVIL ACTION |
|     Plaintiff ) | |
| ) BIANCO, J. | |
| v. ) | CIVIL ACTION NUMBER_____ |
| ) BROWN, M.J. | |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| COMMERCIAL RECOVERY SYSTEMS, INC. ) | |
|     Defendants ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action for statutory damages brought because of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Defendant has alleged that Plaintiff owes a debt, however, as a result of Defendant's illegal conduct, the nature and status of the alleged underlying debt is unclear.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 15 U.S.C § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 2201.

4. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### PARTIES

5. Plaintiff Kim Griffin is a natural person residing in the County of Richmond, State of New York and is a consumer as that term is defined by FDCPA §1692a(3).

6. On information and belief, Defendant Commercial Recovery Systems, Inc. is a corporation organized and existing under the laws of Texas and having its primary place of business in Texas.

7. Upon information and belief Defendant regularly collects on debts allegedly owed to another and is a debt collector as that term is defined in FDCPA §1692a(6).

8. Your affirmant searched for Defendant on the New York City Department of Consumer Affairs' online "Instant License Check." On information and belief, Defendant lacks a license to collect on debts in New York City.

9. Upon information and belief, the acts of Defendant alleged hereinafter were performed by their employees acting within the scope of their actual or apparent authority.

## FEBRUARY 15, 2013

10. Upon information and belief, on or about February 15, 2013 an employee of Defendant recorded a voicemail message on Plaintiff's voicemail. He stated in the voicemail that he is with the Office of Ray Clark and that he could be reached at 1-800-214-7866.

11. Upon information and belief, on or about February 15, 2013, Plaintiff made a telephone call to 1-800-214-7866. A man answered the phone call and stated that he is Ray Clark. During the telephone conversation the following was said:

- Ray Clark stated that he worked for Commercial Recovery Systems
- Ray Clark stated that he would tell Plaintiff the purpose of the call and voicemail message if she provided her social security number.
- Plaintiff declined to provide her social security number and asked Mr. Clark to mail her the purpose of the telephone call.
- Mr. Clark stated that he was going to serve Plaintiff

12. On information and belief, under either New York or Federal law, a potential plaintiff's right to serve a potential defendant is contingent on the potential plaintiff first filing a summons and complaint in a New York or Federal court.

13. Upon information and belief, there was not on February 15, 2013, nor is there at the time of this action, a litigant that has filed a summons and complaint against Plaintiff and that had or has the right to serve the Plaintiff.

14. On information and belief, at the time of Defendant's statement that Defendant would serve Plaintiff, Defendant did not intend to and did not have the right to serve Plaintiff.

15. Upon information and belief, any debt that Plaintiff might have defaulted on was past New York's 6 year statute of limitations on February 15, 2013.

16. Upon information and belief, as of the date of this action, Defendant has not followed up the February 15, 2013 conversation with written notice to Plaintiff of any of the following:

- the amount of the alleged debt
- the name of the creditor to whom the alleged debt is owed
- a statement that Plaintiff has 30 days to dispute the alleged debt
- a statement that if Plaintiff disputes the alleged debt within 30 days Defendant will provide verification of the debt including the name and address of the original creditor
- a statement that if Plaintiff disputes the debt Defendant will cease collections until providing verification of the alleged debt.

## MARCH 29, 2013

17. On March 29, 2013, your affirmant called by telephone to 1-800-214-7866. A man answered the telephone call and said that his name is Ray Clark.

18. On or about March 29, 2013, your affirmant faxed a letter of representation to Defendant. ("Exhibit One")

## APRIL 16, 2013

19. On information and belief, on or about April 16, 2013, Plaintiff called by telephone to 1-800-214-7866. A man answered the call and identified himself as Richard Knight. During the telephone call, the following was said:

- Mr. Knight stated that the purpose of Defendant contacting Plaintiff was to collect on a debt owing from Plaintiff to Citibank.
- Plaintiff asked Mr. Knight if Defendant's reason for contacting her was related to Pinnacle—a third party debt buyer.
- Mr. Knight admitted that Defendant's purpose in contacting Plaintiff did have something to do with Pinnacle

20. On information and belief, Defendant is collecting on a debt allegedly owed to the third party debt buyer Pinnacle Recovery, Inc.

21. On information and belief, Defendant's statement to Plaintiff that it was engaging in debt collection on behalf of Citibank was false.

## AUGUST 19, 2013

22. On information and belief, on or about August 19, 2013, Defendant left a message on Plaintiff's voicemail, stating that Jennifer was calling, from the phone number 888-978-9504, for the Defendant, to collect a debt.

### FIRST CAUSE OF ACTION
(Violations of the FDCPA)

23. The Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

24. Defendant failed to follow up its initial debt collection activity within 5 days with written notice to Plaintiff of the amount of the alleged debt, the name of the creditor to whom the alleged debt is owed, a statement that Plaintiff has 30 days to dispute the alleged debt, a statement that if Plaintiff disputes the alleged debt within 30 days Defendant will provide verification of the debt including the name and address of the original creditor and will cease collections until that time, thereby, violating 15 USC 1692g.

### SECOND CAUSE OF ACTION
(Violations of the FDCPA)

4

25. The "Plaintiff" incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendant told Plaintiff it was going to serve her when it did not have the intention or right to serve her, thereby violating 15 USC 1692d, 15 USC 1692e and 15 USC 1692f

### THIRD CAUSE OF ACTION
(Violations of the FDCPA)

27. The "Plaintiff" incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant falsely stated that it was collecting on a debt for Citibank, thereby violating 15 USC 1692e and 15 USC 1692f.

### FOURTH CAUSE OF ACTION
(Violations of the FDCPA)

29. The "Plaintiff" incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant collected on an alleged debt in New York City without a license, thereby violating NYCAC § 20-489, NYCAC § 20-490, and 15 USC 1692e.

### FIFTH CAUSE OF ACTION
(Violations of the FDCPA)

31. The "Plaintiff" incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendant engaged in debt collection against Plaintiff when it knew Plaintiff was represented by an attorney, thereby violating 15 USC 1692b(6).

WHEREFORE, Plaintiff respectfully requests that this Court:

    A. Enter judgment for the Plaintiff and against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B. Award the Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

C. Grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues so triable.

Dated: September 12, 2013
      New York, New York

*[signature]*

Michael Winfield, Esq.
THE WINFIELD FIRM
1178 Broadway, 303
New York, New York 10001
winfield@winfieldfirm.com
(646) 784-0251

1

# The Winfield Firm
## Michael Winfield, Esq.

1178 Broadway, Third Floor. New York, New York 10001

Website: winfieldfirm.com
Email: winfield@winfieldfirm.com

Phone: 646-784-0251
Fax: 646-374-0987

Ray Clarke
Commercial Recovery System

March 29, 2013

Dear Mr. Clarke:

This if a formal letter to let you know that I represent Kim Griffin of Staten Island, New York. She has informed me that you told her that your office filed a lawsuit against her. I am calling to find the lawsuit. When we last spoke you agreed to check the February 15, 2013 audio recording to locate the lawsuit against her.

Thank You

Michael Winfield, Esq.